## Sonora Oil & Gas Company v. Harris, et al.

(Decided May 9, 1922.)

## Appeal from Allen Circuit Court.

1. Reformation of Instruments—Oil and Gas Lease.—A lease contract for oil and gas may be reformed, as other contracts, where through mutual mistake of the parties it does not express the terms of the agreement, but this does not apply to subsequent innocent purchasers for value.

2. Reformation of Instruments—Reversing Decree of Chancellor.— The decree of the chancellor reforming such a lease contract on the petition of the landowners where, by mesne assignment, the lease has passed to innocent purchasers, must be reversed and the decree of the chancellor set aside to that extent.

3. Mines and Minerals—Rent—Mistake.—A compliance with the terms of an oil lease by payment of the stipulated rentals at the place and in the way and manner provided by the contract, is sufficient to continue the lease in force, and this is true even though by mutual mistake of the original parties to the lease the rentals were expressed as one dollar for each six months such drilling was delayed, whereas the contract was "one dollar per acre for each six months such drilling was delayed," if such lease be held by an innocent purchaser for value.

HARPER & DENTON for appellant.

OLIVER & DIXON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This action was filed in the Allen circuit court on the 19th of March, 1920, by A. D. Harris and wife against the Sonora Oil and Gas Company, a corporation, for the purpose of having an oil and gas lease, executed by said Harris and wife, on April 3, 1919, to the Allen Engineering Company, in consideration of $2,200.00, and certain royalties, and which lease, through mesne assignments, passed to and became the property of the appellant, Sonora Oil & Gas Company, cancelled, set aside and held for naught on the ground that the lessee and its assigns had failed to comply with the terms of the lease contract by paying the rentals as they became due, after the failure of the lessee and its assigns to drill for oil and gas and to develop the property. Appellant company acquired the lease by assignment from one Bland, paying therefor the sum of twenty thousand ($20,000.00) dollars. The said Bland acquired the lease by assignment from J. A. Cornelius for the consideration of $5,000.00. The

lease contract provides, among other things, that "second parties covenant and agree to complete a well on said premises within six months from the date hereof, or pay to the first party, at the rate of one dollar in advance, for each additional six months such completion is delayed from the time above mentioned for the completion of such well until a well is completed on this lease, or this lease surrendered as hereinafter provided." This is not a forfeiture clause but merely a reservation of rentals. It is alleged, and we think thoroughly proven, that by mistake and oversight of the draftsman in the preparation of the lease contract the words, "per acre," were omitted after the words "one dollar," in the clause of the contract above quoted. In other words the contract between the parties obligate the lessee, in case a well was not commenced on the premises within six months from date thereof, to pay the landowners "at the rate of one dollar per acre, in advance for each additional six months." After the case was prepared an amended petition was filed, setting forth the mistake in the lease contract, and praying that the lease be reformed, if the court was of opinion that a cancellation of the contract would be equitable.

The answer of appellant, Sonora Oil & Gas Company, avers that the original lease as well as the record, shows that the lessee was required to pay only one dollar for each additional six months drilling was delayed after the lapse of the first six months, and that it bought and took said lease under assignment from one J. A. Cornelius, on June 16, 1919, without information or knowledge that the original contract between the landowner and the lessee, Allen Engineering Company, was not fully and completely embraced in the said written contract. In defense of the action it relied upon the fact that it was and is an innocent purchaser of the lease for value. It also averred that it had paid the rentals, one dollar in advance, each six months, as required by the lease contract. It further averred that after it acquired the lease on June 16, 1919, it obtained two oil well drillers with two outfits and began drilling wells on the said lease early in July, 1919, and had long before the expiration of six months from the date of the lease completed more than one well on the premises by drilling to the depth at which oil and gas were usually found in that oil territory, and that it continued to drill wells on said premises until late in the fall of that year, completing six wells in all, and

that as a consequence no rentals were in fact due under the lease contract. All these averments are thoroughly established by the evidence.

The chancellor refused a cancellation of the contract but adjudged that the lease be reformed so as to read: "Second party covenant and agree to complete a well on said premises within six months from the date hereof, or pay to the first party, at the rate of one dollar per acre, in advance, for each additional six months such completion is delayed from the time above mentioned for the completion of such well until a well is completed, or this lease surrendered as hereinafter provided."

From what has been said it is clear that the appellees, Harris and wife, were not entitled to a cancellation of the lease for at least two reasons:

(1) The lessee completed more than one well upon the premises before the expiration of six months from the date of the lease, and thus continued the lease in force without the payment of rentals, under the clause above quoted.

(2) The rentals for which the lease contract provided were duly paid in the way and manner provided in the contract.

It is equally plain that appellees, Harris and wife, were not entitled to a reformation of the lease contract as against the Sonora Oil & Gas Company, an innocent purchaser for value. The evidence clearly shows that appellant company and its agents had no information or knowledge whatever that the lessors, Harris and wife, claimed that the rentals were to be one dollar per acre in advance each six months instead of as written in the contract, "one dollar in advance for each six months." Although appellees, Harris and wife, insist that they informed their original lessee, Allen Engineering Company, through its officers, that the lease contract did not recite the true agreement between the lessor and lessee in that it only provided for the payment of one dollar rental for each six months, whereas it should have provided for one dollar per acre for 440 acres, for each six months, and insisted upon a reformation of the contract with said lessee, and perhaps with its assignees, appellees never gave such information to appellant company before it purchased the lease, nor sought or obtained any reformation of said contract by commencing an action for that purpose, but allowed the lease to stand on record in the office of the clerk of the Allen county court as originally

made by Harris and wife to the Allen Engineering Company, showing that the rentals were one dollar for the whole 440 acres for each six months. This lack of diligence on the part of appellees, Harris and wife, estops them from obtaining a reformation of the contract as against the innocent purchaser of the lease for value.

It follows from what has been said, the trial court erred in adjudging a reformation of the contract and in adjudging appellees, Harris and wife, the sum of $880.00, as rentals due upon said lease for the period beginning October 3, 1919, and ending October 3, 1920.

Judgment reversed.